## Watson Township Road

*Charles F. Bidelspacher*, for rule to dismiss.
*McCormick, Herdic & Furst*, contra.

LARRABEE, P. J., October 16, 1943.—This matter came before the court on an argument had on a rule to show cause why a second petition asking for a view for a proposed new road should not be dismissed.

On December 7, 1942, a petition was presented to the Court of Quarter Sessions of Lycoming County, Pa., by residents and taxpayers of Watson Township, Lycoming County, for the appointment of viewers to lay out a road in said township between the points mentioned in said petition. It further appears that, after a view was had of the proposed road and before a hearing was held by the viewers, the Supervisors of Watson Township obtained a rule on petitioners to show cause why the petition for the appointment of the viewers should not be dismissed as being defective inasmuch as it failed to comply with the provisions of the Act of April 23, 1909, P. L. 142, sec. 1, which requires that:

". . . hereafter all petitions for the laying out or for the vacation of a public road, in any county of the Commonwealth, shall fix definitely the point of beginning and the point of ending, mentioned in said petition, by giving the exact distance from an intersecting public road, street, or railroad, already opened".

An argument was duly had on said rule, and on February 27, 1943, the rule was made absolute for the reason that the court found the petition fatally defective in that it failed to set forth definitely the point of beginning and point of ending of said road, to wit, by failing to give the exact distance from an intersecting road, street, or railroad already opened.

On June 10, 1943, a second petition was presented by residents of said township, praying the court to appoint viewers for the purpose of viewing and laying out a public road over the same or substantially the same location or site as that set forth in the former petition. Viewers were appointed for this purpose and instructed to proceed with the matter de novo and report to the court on or before the first day of September sessions, 1943.

On July 16, 1943, the supervisors of the township presented a petition asking that a rule be granted upon petitioners for the view to show cause why this second petition should not be dismissed and averring that as the court had made a final decree dismissing the former petition for a view for said proposed road, which they aver was adverse to the granting of the same or substantially the same road, therefore, under the provisions of the Act of May 25, 1907, P. L. 233, a second petition for a view could not be presented until after the lapse of two years from the date of the order made on the former petition.

A rule was granted upon petitioners for the view to show cause why this second petition should not be dismissed.

The Act of May 25, 1907, P. L. 233, extended the provisions of the Act of February 17, 1860, P. L. 61, entitled "An act relating to Roads and Bridges in the county of York", to all counties of the Commonwealth. Section 13 of the Act of 1860 reads as follows:

"That in all cases where the action of the court or grand jury shall be adverse to the grant of a new road or bridge, no new petition to view the same site, or one substantially the same, shall be granted by the court until after the expiration of two years from the final decree of the court on the former application . . ."

Rule 21 of the Rules of the Court of Quarter Sessions of Lycoming County provides as follows:

"When a proceeding to obtain a road or bridge has failed on its merits, another application for such contemplated road or bridge shall not be acted on for one year after final rejection, unless authorized by the Court for cause shown".

At the hearing on the rule, petitioners for the view contended that the action of the court in dismissing the former petition for this road, or substantially the same road, had been due to a technical defect in the first petition, to wit, it failed to comply with the provisions of the Act of April 23, 1909, P. L. 142, in that it did not fix definitely the point of beginning and point of ending of the proposed road, by giving the exact distance from an intersecting public road already opened.

Petitioners for the view claimed that the action of the court in dismissing the first petition for said technical defect was not "adverse" to the grant of the proposed new road within the meaning of the Act of May 25, 1907; that is, the action of the court did not go to the merits of the case and therefore petitioners did not have to wait for a further period of two years from February 27, 1943, the date when the court dismissed the first petition, before filing another petition for a view for the proposed road.

In the case of Towamencin Road, 10 Pa. 195, the Supreme Court held that where a report of viewers is set aside for an "informality" the case is not within a rule of court which provides that where proceedings for a road have failed another application for such road shall not be acted upon for one year from the date of the sessions at which said road was finally rejected.

Referring to the rule of court in question, the Supreme Court said (p. 197) :

"But it was not intended to interfere with or impede the right of the petitioners to have the advantage of

view, review, and re-review, before they could be concluded. . . . The evil consisted in the abuse of this privilege, and the object of the rule was to afford breathing-time after a road or bridge 'was finally rejected.' But it cannot be said to be finally rejected, merely by setting aside, for some technical reason, the report of viewers. This does not touch the merits. The terms of the rule of court are only satisfied by the regular progression of the proceedings through all the stages authorized by the acts of Assembly and the practice under them. When the merits of the proposed thoroughfare have been examined and reported upon by succeeding viewers, and disapproved by them, with the concurrence of the court, it may be said to be 'finally rejected', but not before."

In Franconia Township Road, 78 Pa. 316, a rule of court provided that when a procedure for a road had finally failed another application for such road should not be acted on for one year. A road had been reported and on technical grounds the report set aside. The Supreme Court held that the view had not "finally failed" and that the case was not within the meaning of the rule (p. 319) :

"The record shows that there had been a previous petition for a road between the same points as those indicated in the second one, May 15th 1871, and a report of viewers thereon, which was set aside January 8th 1872. This statement, on first blush, would seem to indicate an infraction of the rule above set forth. But upon further examination it appears that the former view was set aside on purely technical grounds, and not upon a judgment on the merits of the proposed road. The Court of Quarter Sessions thought the case did not come within the spirit of the rule, or in other words, that the view had not 'finally failed.' In this we think they were right. That there should be some reasonable restriction upon re-applications for views,

after the judgment of the court has passed, upon full hearing, on the necessity of the road asked for, no one can well doubt.

"On the other hand there is no reason for such restriction where the view has been set aside for informality, for, in such case, the merits of the application are not reached. For the purpose of curing such technical defects, new viewers may be appointed upon the old petition: Charleston Road, 2 Grant 467. And we cannot see why the same end may not be reached as well upon a new petition."

The above decisions were rendered before the passage of the Act of May 25, 1907, supra, and these decisions construed local rules of court. We have been unable to find a decision by the appellate courts of Pennsylvania construing the Act of May 25, 1907, as it relates to the question before us.

In the instant case, it is obvious that the first petition for this proposed road was dismissed because of a purely technical defect in the petition itself as it failed to definitely set out the respective termini of the proposed road and the exact distance from an intersecting public road already opened, as required by section 1 of the Act of April 23, 1909, P. L. 142.

It was not because of any "adverse" action on the petition or the report of the view, or upon the "merits" of the case, that the first petition for a view was dismissed.

In view of the authorities cited and the reasons set forth, we conclude that it is the intention as well as the spirit of the Act of May 25, 1907, supra, that the presentation of a second petition for a proposed road covering the same site or location shall be barred for a period of two years from the date when the former petition was dismissed only in those cases where the action of the court on the first petition "shall be adverse to the grant of the new road".

And we interpret the term "adverse", as contained in said statute, as applying only to those cases where the action of the court went to the merits of the application for the proposed new road.

We are of the opinion that the legislature clearly intended that, before barring for two years the presentation of a second petition, the merits of the first petition should first be inquired into fully. That is, the advantages and benefits to be derived from and the necessity for the proposed road should be duly considered before the court's action in dismissing such petition could be termed "adverse" within the meaning of the statute.

### Order

And now, to wit, October 16, 1943, the rule to show cause why the petition filed June 11, 1943, should not be dismissed is discharged, at the cost of petitioners for the rule.